IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED - USDC ALSD
SEP 9 '26 PM4:18

---

Tremain High,

Plaintiff,

v.

Civil Action No. 26-cv-359-KD-N

Park First, LLC,

and

John Overmeyer,

Defendants.

---

## COMPLAINT

## I. INTRODUCTION

Plaintiff Tremain High respectfully brings this civil action against Defendants Park First, LLC and John Overmeyer for unlawful employment practices, including retaliation, wage violations, wrongful termination, emotional harm, and multiple intentional and negligent torts. As set forth below, Defendants engaged in a pattern of misconduct that caused significant economic, emotional, and reputational harm to Plaintiff. Plaintiff seeks all available damages under federal and Alabama law.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law, including the Fair Labor Standards Act ("FLSA"). Supplemental jurisdiction over Plaintiff's Alabama state law claims is proper under 28 U.S.C. § 1367. Venue is proper in the Southern District of Alabama under 28 U.S.C. § 1391(b) because the events giving rise to this action occurred within this District and Defendants reside and conduct business here.

## III. PARTIES

1. Plaintiff Tremain High is a former employee of Park First, LLC and resides in Mobile, Alabama.
2. Defendant Park First, LLC is an Alabama business entity operating residential properties and employing staff within the Southern District of Alabama.
3. Defendant John Overmeyer is a manager employed by Park First, LLC who exercised supervisory authority over Plaintiff and engaged in the conduct described herein.

## IV. FACTUAL ALLEGATIONS

1. Plaintiff Tremain High was employed by Defendants in Mobile, Alabama, where he performed his job duties.
2. During Plaintiff's employment, Defendants engaged in a sustained pattern of conduct that created adverse, unstable, and hostile working conditions. This conduct included retaliatory actions, wage-related irregularities, inappropriate or unprofessional communications—including text-message communications that blurred professional boundaries—and workplace practices that interfered with Plaintiff's ability to perform his job.
3. Defendants exercised supervisory authority over Plaintiff and were responsible for maintaining lawful, safe, and professional workplace conditions. Despite this responsibility, Defendants failed to implement appropriate oversight, supervision, training, or corrective measures to prevent or address misconduct occurring within the workplace.
4. Plaintiff experienced multiple forms of workplace mistreatment, including:
   - retaliatory scheduling and adverse employment actions
   - wage manipulation, tip irregularities, and inconsistent pay practices
   - inappropriate, coercive, or unprofessional text-message communications
   - harassment, emotional pressure, and workplace instability
   - unsafe or unreasonable working conditions
   - improper handling, alteration, or falsification of employment records
   - conduct inconsistent with established employment policies and legal standards
5. Plaintiff raised concerns regarding workplace conditions, wage issues, and retaliatory behavior. Following these concerns, Defendants' conduct escalated, resulting in additional adverse treatment, increased hostility, and further workplace instability.
6. Defendants engaged in actions affecting Plaintiff's employment status, work opportunities, and access to wages. These actions included inaccurate or misleading documentation, improper recordkeeping, and internal processes used in a manner inconsistent with legitimate business purposes.
7. As a result of the ongoing conditions and Defendants' failure to remedy the issues, Plaintiff's working environment deteriorated to the point where continued employment was no longer feasible. The conditions created and maintained by Defendants resulted in Plaintiff's constructive discharge and subsequent termination.
8. After Plaintiff's separation from employment, Defendants engaged in additional conduct affecting Plaintiff's post-employment rights and benefits. This included the submission of inaccurate or misleading information affecting Plaintiff's ability to obtain or maintain unemployment benefits.
9. Defendants' conduct, both during and after Plaintiff's employment, caused Plaintiff to suffer economic harm, emotional distress, reputational injury, and other damages recognized under federal and Alabama law.
10. The conduct described above forms the factual basis for Plaintiff's claims, including:
    - constructive discharge
    - wrongful termination
    - wage violations under federal law
    - retaliation
    - emotional distress
    - invasion of privacy
    - defamation
    - negligent hiring
    - negligent supervision

- negligent retention
- negligent training
- fraudulent misrepresentation
- fraudulent concealment
- interference with unemployment benefits
- interference with prospective economic advantage
- economic torts
- scheduling violations
- bad-faith employment practices
- malicious conduct
- negligent infliction of emotional harm
- negligent infliction of economic harm
- abuse of process
- civil conspiracy
- And related federal and state-law claims.

11. Defendants' actions constitute violations of federal law, including the Fair Labor Standards Act, and multiple Alabama tort doctrines. Plaintiff seeks all damages permitted by law, including compensatory, statutory, liquidated, and punitive damages.

## V. CLAIMS FOR RELIEF

### COUNT 1 — Constructive Discharge

Plaintiff re-alleges all prior paragraphs. Defendants created and maintained intolerable working conditions, including retaliation, emotional manipulation, and unsafe practices, forcing Plaintiff to resign. This conduct constitutes constructive discharge under Alabama tort doctrine. Plaintiff suffered lost wages, emotional distress, and other damages.

### COUNT 2 — Wrongful Termination

Plaintiff incorporates all preceding allegations. Defendants terminated Plaintiff for unlawful reasons, including retaliation and falsification of records, in violation of Alabama public-policy tort principles. Plaintiff suffered economic and emotional damages.

### COUNT 3 — FLSA Wage Theft (29 U.S.C. § 201 et seq.)

Defendants failed to pay Plaintiff lawful wages and manipulated hours/tips in violation of the FLSA. Plaintiff seeks unpaid wages, liquidated damages, and attorney fees.

### COUNT 4 — FLSA Retaliation (29 U.S.C. § 215(a)(3))

Defendants retaliated against Plaintiff for engaging in protected activity, including reporting wage issues. This violates the FLSA's anti-retaliation provision. Plaintiff seeks lost wages, liquidated damages, and emotional distress damages.

### COUNT 5 — Intentional Infliction of Emotional Distress (Outrage)

Defendants engaged in extreme and outrageous conduct, including emotional manipulation, humiliation, and retaliatory behavior. This constitutes the tort of outrage under Alabama law. Plaintiff suffered severe emotional distress.

### COUNT 6 — Unprofessional Conduct / Abuse of Authority

Defendants abused managerial authority through harassment, coercion, and retaliatory scheduling. This conduct constitutes an actionable tort under Alabama law. Plaintiff suffered emotional and punitive damages.

**COUNT 7 — Hostile Work Environment (Non-Title VII)**

Defendants created and allowed a hostile work environment through harassment, retaliation, and unsafe conditions. This violates Alabama workplace tort principles. Plaintiff suffered emotional harm.

**COUNT 8 — Negligent Emotional Distress**

Defendants breached their duty to maintain a safe, professional workplace, causing foreseeable emotional harm. Plaintiff seeks emotional distress and related damages.

**COUNT 9 — Negligent Supervision**

Park First, LLC failed to supervise manager John Overmeyer despite clear misconduct. This constitutes negligent supervision under Alabama tort doctrine. Plaintiff suffered emotional and economic harm.

**COUNT 10 — Invasion of Privacy**

Defendants intruded upon Plaintiff's privacy and disclosed private employment information improperly. This violates Alabama privacy tort law. Plaintiff suffered emotional and punitive damages.

**COUNT 11 — Defamation**

Defendants' published false statements, including false "no call, no show" claims, harming Plaintiff's reputation. This constitutes defamation under Alabama law. Plaintiff suffered reputational and emotional damages.

**COUNT 12 — Breach of Employment Contract**

A valid employment agreement existed, and Defendants breached it through wrongful termination and wage manipulation. Plaintiff seeks economic damages.

**COUNT 13 — Breach of Implied Contract**

Defendants violated implied promises of fair treatment and lawful employment practices. Plaintiff suffered economic and emotional damages.

**COUNT 14 — Economic Torts**

Defendants' conduct caused direct financial harm, including lost wages, lost tips, and interference with employment opportunities. Plaintiff seeks economic damages.

**COUNT 15 — Scheduling Violations**

Defendants manipulated Plaintiff's schedule in retaliation, causing lost wages and emotional harm. This constitutes an actionable tort under Alabama law.

**COUNT 16 — Tortious Interference with Unemployment Benefits**

Defendants intentionally interfered with Plaintiff's unemployment eligibility by falsifying records. This violates Alabama interference tort doctrine. Plaintiff seeks lost benefits and punitive damages.

**COUNT 17 — Fraudulent Misrepresentation**

Defendants knowingly made false statements regarding employment status, performance, and records. This constitutes fraud under Alabama law. Plaintiff seeks economic and punitive damages.

**COUNT 18 — Intentional Interference with Prospective Economic Advantage**

Defendants interfered with Plaintiff's future employment opportunities through false statements and retaliatory conduct. Plaintiff seeks economic and punitive damages.

**COUNT 19 — Bad Faith Employment Practices**

Defendants acted in bad faith by retaliating, falsifying records, and manipulating wages. This constitutes an Alabama tort. Plaintiff suffered emotional and punitive damages.

**COUNT 20 — Retaliatory Discharge (Non-FLSA)**

Defendants discharged Plaintiff for retaliatory reasons unrelated to FLSA but actionable under Alabama public-policy tort. Plaintiff seeks economic and emotional damages.

**COUNT 21 — Negligent Retention**

Park First, LLC retained manager Overmeyer despite knowledge of misconduct. This constitutes negligent retention under Alabama law. Plaintiff suffered emotional and economic harm.

**COUNT 22 — Failure to Prevent Retaliation**

Defendants failed to prevent retaliation despite clear notice. This constitutes an actionable tort under Alabama law. Plaintiff suffered economic and emotional damages.

**COUNT 23 — Failure to Maintain a Safe Workplace**

Defendants breached their duty to provide a safe workplace, causing emotional and physical risk. Plaintiff seeks emotional and punitive damages.

**COUNT 24 — Negligent Hiring**

Park First, LLC hired an unfit manager whose misconduct harmed Plaintiff. This constitutes negligent hiring under Alabama law. Plaintiff suffered economic and emotional damages.

**COUNT 25 — Malicious Conduct / Willful Misconduct**

Defendants acted with malice and reckless disregard for Plaintiff's rights. This constitutes an intentional tort under Alabama law. Plaintiff seeks punitive damages.

**COUNT 26 — Fraudulent Concealment**

Defendants concealed material facts related to employment records and retaliatory motives. This constitutes fraud under Alabama law. Plaintiff seeks economic and punitive damages.

**COUNT 27 — Negligent Infliction of Economic Harm**

Defendants negligence caused foreseeable financial harm to Plaintiff. Plaintiff seeks economic damages.

**COUNT 28 — Abuse of Process**

Defendants misused internal employment processes (termination codes, records) for improper purposes. This constitutes abuse of process under Alabama law. Plaintiff seeks economic and punitive damages.

**COUNT 29 — Civil Conspiracy**

Defendants acted jointly to retaliate, falsify records, and harm Plaintiff. This constitutes civil conspiracy under Alabama law. Defendants are jointly liable for all connected damages.

**COUNT 30 — Negligent Failure to Train**

Park First, LLC failed to train managerial staff, enabling misconduct that harmed Plaintiff. This constitutes negligence under Alabama law. Plaintiff seeks emotional and economic damages.

## VI. DAMAGES

Plaintiff seeks the maximum compensatory, statutory, liquidated, and punitive damages permitted under federal and Alabama law, reflecting the severe economic, emotional, and reputational harm caused by Defendants' conduct. Plaintiff requests all monetary and equitable relief available, including back pay, front pay, interest, fees, costs, and any further relief warranted by the seriousness of Defendants' actions.

## VII. PRAYER FOR RELIEF

Plaintiff demands full accountability for Defendants' retaliatory, unlawful, and harmful conduct. Plaintiff seeks the maximum compensatory, statutory, liquidated, and punitive damages permitted by law; full wage-related damages; emotional and reputational damages; interest; fees; costs; and any further relief warranted by the severity of Defendants' actions.

## VIII. JURY DEMAND

Under the authority of Rule 38 of the Federal Rules of Civil Procedure and applicable Alabama law, Plaintiff demands a trial by jury on all claims for which a jury trial is authorized.

DATED: 9/9/2026

Respectfully submitted,

/s/ Tremain High

SIGNATURE: Tremain H.

Tremain High

Plaintiff, Pro Se

Mobile, Alabama

Email: Hitremain20@icloud.com

Phone: (510)345-8514

ADDRESS: 1313 SCHILLINGER RD. S. APT 3407
MOBILE AL 36695